John R. Habashy, Esq. (SBN. 236708)
*john@lexiconlaw.com*
Tiffany N. Buda, Esq. (SBN. 232679)
*tiffany@lexiconlaw.com*
**LEXICON LAW, PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-5900
Facsimile: (888) 373-2107

[*Additional Counsel listed below*]

Attorneys for Plaintiffs David Abitbol and Orlene Nosek and the Putative Class

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISIOIN

| | |
|---|---|
| DAVID ABITBOL, and ORLENE NOSEK, individually and on behalf of others similarly situated, <br><br>     *Plaintiffs*, <br><br> v. <br><br> NEXXT, INC., a Delaware Corporation, and DOES 1 through 10, inclusive, <br><br>     *Defendants*. | **CASE NO: 2:20-cv-06660** <br><br> **COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. VIOLATION OF THE SECTION 227, ET SEQ.** <br><br> **CLASS ACTION** <br><br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

**Additional counsel for Plaintiffs and the Putative Class:**
Daniel A. Edelman, Esq. (ILL #00712094)
(Pro Hac Vice To Be Submitted)
courtecl@edcombs.com
Cathleen M. Combs, Esq. (ILL #00472840)
(Pro Hac Vice To Be Submitted)
ccombs@edcombs.com
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone: (312) 739-4200
Facsimile: (312) 419-0379 (FAX)

Plaintiffs David Abitbol and Orlene Nosek, individually and on behalf all others similarly situated, (referred to hereinafter as "Plaintiffs"), allege as follows against Defendants Nexxt, Inc., a Delaware corporation (referred to hereinafter as "Nexxt") and DOES 1 through 10, inclusive (collectively referred to hereinafter as "Defendants"):

## I.     JURISTICTION AND VENUE

1.     This Court has federal question subject matter pursuant to 28 U.S.C.§§ 1331  and 1337 (commerce) as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), a federal statute. (See Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740, 751-53 (2012); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005)).

2.     This Court has personal jurisdiction over Defendants and venue is

**CLASS ACTION COMPLAINT**

proper this District because Defendants conduct business within this District and have purposefully availed themselves of the laws and markets of the state of California and this District

## II.      **INTRODUCTION**

3.    Plaintiffs David Abitbol and Orlene Nosek, individually and on behalf all others similarly situated, bring this action against Defendants Nexxt and Does 1-10 to stop Defendants' practice of sending spam text messages to cellular telephones using an automated telephone dialing system, and to obtain redress for all persons injured by its conduct.

## III.      **THE PARTIES**

4.    Plaintiff, David Abitbol, is an individual who, at all times mentioned herein, was and is over the age of 18, and who resides in Los Angeles, California.

5.    Plaintiff, Orlene Nosek, is an individual who, at all times mentioned herein, was and is over the age of 18, and who resides in Los Angeles, California.

6.    Defendant Nexxt, Inc., is a corporation organized under the laws of Delaware with its principal place of business at 676 E. Swedesford Road, Suite 300, Wayne, Pennsylvania 19087.

7.    The true names and capacities of Defendants Does 1 through 10 are

**3**

**CLASS ACTION COMPLAINT**

currently unknown to Plaintiffs, who allege that Does 1 through 10 are responsible in some manner for the injuries sustained by Plaintiffs as hereinafter alleged. Plaintiffs request leave to file amendments to this complaint alleging the true names and capacities of Does 1 through 10 when the same have been ascertained.

8.     Plaintiffs are informed and believe, and on that basis allege, that at all times  herein mentioned each of the Defendants was an agent, servant, employee, and/or joint venture of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts. ours in any work day.

9.     Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing

**CLASS ACTION COMPLAINT**

10.   There is a unity of interest between Defendants, and each acts as the alter ego of the other.

## IV.   THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. §227

11.   Congress enacted the TCPA in 1991 in response to a growing number of consumer complaints regarding telemarketing robocalls.

12.   Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243 (Dec. 20, 1991); *see also Mims v. Arrow Fin. Servs., LLC*, 132 S Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

13.   Consumer complaints about this conduct have only increased since then. "If robocalls were a disease, they would be an epidemic." Rage Against Robocalls, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today. The Federal Trade Commission (FTC) and Federal Communications Commission (FCC) regularly cite "unwanted and illegal robocalls" as their number-one complaint category. The FTC received more than 1.9 million complaints filed in the first five months of 2017 and about 5.3 million

**5**

**CLASS ACTION COMPLAINT**

in 2016. The FCC has stated that it gets more than 200,000 complaints about unwanted telemarketing calls each year. These complaints are on top of the complaints each state AG ' s office.

14.   In an effort to curb these unwanted calls, the TCPA regulates, inter alia, the use of automated telephone equipment (a/k/a "autodialers" or "robodialers") to make calls to any cellular telephone number. Specifically, the plain  language of section 227(b)(l )(A)(iii) prohibits the use of autodialers to make  any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15.   In 2012, the FCC prohibited "any telephone call that includes or introduced an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any [-cellular telephone number], other than a call made with the prior express written consent of the called party[.]" 47 C.F.R. § 64. l 200(a)(2). This prior express written consent requirement became effective on October 16, 2013.

## V.    <u>FACTUAL ALLEGATIONS</u>

16.   Plaintiff Abitbol is a non-subscriber customary user of a cellular telephone number on Plaintiff Nosek's account.  Plaintiff Nosek pays the cell phone bills for her and Plaintiff Abitbol's cell phone usage.

17.   Plaintiff Abitbol regularly carries and uses the cellular telephone on

which the unsolicited text message calls were received.

18.   On multiple occasions, Defendant Nexxt sent unsolicited text messages to Plaintiff Abitbol on his cell phone, the last four digits of which are 6443.

19.   Plaintiff Abitbol received the following text message from 34975 on September 11, 2019, at 2:03 PM: "New job match for Business Intelligence  in 91101.  Click here to view http://work3.net/l/jrm1u". **(Exhibit A)**

20.   Plaintiff Abitbol received the following text message from 34975 On January 22, 2020, at 2:03 PM: "New job match for Business Intelligence in 90021.  Click here to view http://app1y.net/l/m8yts". **(Exhibit B)**

21.   Plaintiff Abitbol received the following text message from 34975 on February 11, 2020, at 2:12 PM: "New job match for Business Intelligence in 90079.  Click here to view http://app1y.net/l/ns26g". **(Exhibit B)**

22.   Plaintiff Abitbol received the following text message from 34975 on March 3, 2020 at 2:03 PM: "New job match for Business Intelligence in 90079.  Click here to view http://work3.net/l/od9vq". **(Exhibit B)**

23.   Plaintiff Abitbol received the following text message from 34975 on March 23, 2020 at 2:04 PM: "New job match for Data Architect in 91301. Click here to view http://mobi1.us/l/ouqad". **(Exhibit B)**

24.   Plaintiff Abitbol received the following text message from 34975 on

May 12, 2020 at 2:04 PM: "New job match for Data Architect in 91501.  Click here to view http://work3.net/l/pgfvq".  **(Exhibit B)**

25.  Plaintiff Abitbol received the following text message from 34975 on July 13, 2020 at 2:08 PM: "New job match for Data Architect in 91367.  Click here to view http://mobi1.us/l/gd4pp".  **(Exhibit C)**

26.  Plaintiff Abitbol received the following text message from 34975 on July 21, 2020 at 4:42 PM: "New job match for Data Architect in 90401.  Click here to view http://work3.net/l/goid6".  **(Exhibit C)**

27.  On information and belief, based on the non-personalized nature of the messages, the fact that each message begins in the identical manner, and the fact that most were sent at the same hour and minute of the day, the messages were sent using automated telephone dialing equipment.

28.   Plaintiffs Abitbol and Nosek have never done business with Nexxt, have not provided their cell numbers to it, have not requested any information from it, and have not consented to any calls or text messages from Nexxt.

29.  The SMS short code 34975 is registered to Nexxt.

30.   Discovery may reveal additional text message calls as well.

31.   Defendant Nexxt is responsible for making or causing the making of the text message calls to Plaintiff Abitbol.

32.  Nexxt, or an agent on its behalf, operates a call center, where

**CLASS ACTION COMPLAINT**

automated equipment is used to place large numbers of telemarketing calls and text   message calls. The equipment has the present capacity to store or produce telephone numbers to be called, using a random or sequential number  generator; and to dial such numbers.

33.  By calling Plaintiff Abitbol, Defendants caused Plaintiff Abitbol and the putative class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity in cost per-kilowatt required to recharge the cell phones, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment. The text message calls took time to receive and Plaintiff Abitbol's statutory right of privacy was invaded.

34.  The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Red. 14014, 14115 (¶165) (2003).

35.  Defendant Nexxt is responsible for making or causing the making of unsolicited, automated telemarketing and prerecorded and/or artificial voice calls and text message calls is to offer job opportunities.

36.  Defendant Nexxt offers Text2Hire, a technology established to target

job candidates via text message with job opportunities.

37.   Defendant Nexxt works with recruiters to find candidates to fulfill employment needs.  Defendant Nexxt posts job opportunities on its website, www.nexxt.com.  Defendant Nexxt derives economic benefit based on marketing and recruitment campaigns to reach job candidates.

38.   Defendant Nexxt sends unsolicited, automated telemarketing and pre-recorded and/or artificial voice calls and text message calls as a marketing method for recruiting job candidates.

39.   On information and belief, Defendants have sent automated text messages calls to cellular phones of at least 40 other persons.

40.   There is no reasonable means for Plaintiffs or other recipients of Defendants' messages to avoid receiving them.

41.   The TCPA was enacted to protect consumers from unsolicited phone calls   and text message calls exactly like those alleged in this case.

42.   The text message calls were made to consumers who never requested to receive them, never engaged in any interaction with Defendants and are made on a repeat basis without consent.

43.   Defendants either negligently or willfully violated the rights of Plaintiffs and other recipients in placing the calls or arranging for the calls to be made.

**CLASS ACTION COMPLAINT**

# VI.   CAUSE OF ACTION-

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. §227, ET SEQ.

44.  Plaintiffs incorporate by reference paragraphs 1-43 as if set forth herein in their entirety.

45.  The TCPA provides as follows at 47 U.S.C. § 227(b):

"§ 227. Restrictions on use of telephone equipment

... (b) Restrictions on use of automated telephone equipment

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is   within the United States-

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...."

**11**

**CLASS ACTION COMPLAINT**

46.  The TCPA, 47 U.S.C. § 227(b)(3) further provides:

"Private right of action.  A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph."

47.  Defendants and/or their agents violated the TCPA by using equipment that placed automated text message calls to Plaintiffs' and the putative class member's cell phones.

48.  Defendants made unsolicited automated telemarketing text message

**CLASS ACTION COMPLAINT**

calls to cellular telephone numbers belonging to Plaintiffs and other members of the class.

49.  By making unsolicited text message calls to Plaintiffs and the class members, using an automated dialing system and without prior express consent, Defendants violated 47 U.S.C. §227(b)(l)(A)(iii).

## VII.   CLASS ALLEGATIONS

50.  Plaintiffs and the class members are entitled to statutory damages.

51.  Plaintiffs and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited text messages and robocalls, and their statutory right of privacy was invaded.

52.  Defendants should be enjoined from committing similar violations in the future.

53.  **Class Definition:**  Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiffs bring this action on behalf of a nationwide class of similarly situated individuals ("the Class"), defined as follows:   (a) all persons who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (b) received a text message sent by or on behalf of Defendant Nexxt, Inc. (c) placed using an automated dialer.

54.  Plaintiffs reserve the right to modify the class definition as the contours and parameters of the class become apparent through discovery in this matter.

**CLASS ACTION COMPLAINT**

55.  Excluded from the Class are: (1) Defendant Nexxt, Inc., Defendant's agents,  subsidiaries, parents, successors, predecessors, and any entity in which Nexxt, Inc.,  or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

56.  **Direct Harm:**  Plaintiffs and the members of the class were harmed  by Defendants' acts in at least the following ways: Defendants, either directly or through agents, illegally contacted Plaintiffs and the Class Members via their cellular telephones by using an "autodialer" or "robodialer," thereby causing Plaintiffs and the members of each class to incur certain telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid; and Plaintiffs and Class members' privacy were invaded.

57.  **Numerosity:**  The exact number of class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. Plaintiffs allege on information and belief, that there are more than 40 members of the class. Class members can be identified through Defendants' and/or their agents' records, or by other means.

**14**
**CLASS ACTION COMPLAINT**

58.  **Typicality:**  Plaintiffs' claims are typical of the claims of other members of the classes, in that Plaintiffs and the class members sustained damages arising out of Defendants' uniform wrongful conduct, including the making of unsolicited telephone calls.

59.  **Adequacy of Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the classes, and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the class members, and Defendants have no defenses unique to Plaintiffs.  The questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the Class.

60.  **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiffs and the class members, and those questions predominate over any questions that may affect individual members of the class. These include:

a.    Whether the equipment Defendants used to send the messages in question was an automatic telephone dialing system as defined by the TCPA;

b.    Whether Defendants systematically made automated calls to persons without prior express consent to receive such

**CLASS ACTION COMPLAINT**

telephone calls;

c.      Whether Defendants violated the TCPA;

d.      Whether class members are entitled to damages, including treble damages based on the willfulness of Defendants' conduct.

61.  **Superiority:** Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendants' misconduct. Even if members of the class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

62.  **Notice:**  The names, addresses and/or telephone numbers of the Class

**CLASS ACTION COMPLAINT**

Members are available from Defendants, and notice should be provided to the members of the Class via text or, if addresses are ascertainable, via first class mail to the last address known, as provided by the Defendants as soon as possible.

63. **Uniform Relief Necessary:** This class action is appropriate for class certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making an award of damages.

64. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## VIII. <u>PRAYER FOR RELIEF</u>

65. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and the class as follows:

    a.  An order certifying this matter as a class action with Plaintiffs as Class Representatives, and designating Edelman, Combs, Latturner & Goodwin, LLC and Lexicon Law, PC as Class Counsel;

    b.  An award of statutory damages for each and every violation;

    c.  Actual damages;

    d.  An injunction restraining the conduct complained of;

**CLASS ACTION COMPLAINT**

e.  Costs of suit; and

f.  For such other and further relied as the Court deems necessary, just and proper.

## IX.    DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, individually and on behalf of all others similarly situated, respectfully request a trial by jury as to each and every claim for which they are so entitled.

DATED: July 24, 2020

By: /s/ Tiffany N. Buda
John R. Habashy, Esq. (SBN 236708)
*john@lexiconlaw.com*
Tiffany N. Buda, Esq. (SBN 232679)
*tiffany@lexiconlaw.com*
**LEXICON LAW PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone:   (213) 223-5900
Facsimile:   (888) 373-2107

Daniel A. Edelman, Esq. (ILL 00712094)
(*Pro Hac Vice* To Be Submitted)
*courtecl@edcombs.com*
Cathleen M. Combs, Esq. (ILL 00472840)
(*Pro Hac Vice* To Be Submitted)
*ccombs@edcombs.com*
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone:  (312) 739-4200
Facsimile:  (312) 419-0379 (FAX)
**Attorneys for Plaintiffs,**
**and the Putative Class**

**CLASS ACTION COMPLAINT**

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Date: July 24, 2020

/s/ Tiffany N. Buda
John R. Habashy, Esq. (SBN 236708)
*john@lexiconlaw.com*
Tiffany N. Buda, Esq. (SBN 232679)
*tiffany@lexiconlaw.com*
**LEXICON LAW PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone:   (213) 223-5900
Facsimile:    (888) 373-2107

**Attorneys for Plaintiffs and the Putative Class**

///

///

///

///

///

///

///

///

///

///

**19**
**CLASS ACTION COMPLAINT**

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiffs. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiffs demand that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

Date: July 24, 2020

/s/ Tiffany N. Buda
John R. Habashy, Esq. (SBN 236708)
*john@lexiconlaw.com*
Tiffany N. Buda, Esq. (SBN 232679)
*tiffany@lexiconlaw.com*
**LEXICON LAW PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone:   (213) 223-5900
Facsimile:   (888) 373-2107

**Attorneys for Plaintiffs and the Putative Class**

**CLASS ACTION COMPLAINT**